IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAMON WILLIAMS,<br><br>    Petitioner,<br><br>v.<br><br>CAMDEN COUNTY PROSECUTOR'S OFFICE, et al.,<br><br>    Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-3810 (JBS)<br><br>**OPINION** |

APPEARANCES:

Damon Williams, Petitioner pro se
#244972C/244972C
South Woods State Prison
215 Burlington Rd. South
Burlington, NJ 08302

**SIMANDLE, U.S. District Judge:**

I. **INTRODUCTION**

Petitioner Damon Williams filed petition for writ of mandamus asking the Court to direct the Superior Court of New Jersey, Law Division, Camden County to provide him with a new trial, as well as to order the Camden County Prosecutor's Office to investigate their prosecutors and investigators for perjury and official misconduct. For the reasons expressed below, the petition is denied.

**II.  BACKGROUND**

Petitioner alleges the Camden County Prosecutor's Office and Camden County Sheriff's Department Identification Unit violated his Fourth, Fifth, and Fourteenth Amendment rights by fabricating fingerprint evidence against him in a prosecution for allegedly robbing a Bank of America branch on August 13, 2014. Petition at 1. He alleges partial latent prints were discovered on a demand note given to a bank teller were not submitted to the match database until August 27, 2014 "despite the fact that AFIS[1] is capable of finding a match within minutes." *Id.* at 2. Petitioner was arrested on September 2, 2014, purportedly based on the fingerprint evidence. *Id.* Petitioner states his parole officer gave investigating detectives information that he was in the hospital on the day of the robbery, but he was still arrested and indicted for the offense. *Id.*

Petitioner alleges the prosecutor's office and investigators fabricated the fingerprint evidence, resulting in his arrest, indictment, and conviction. He asserts the assistant prosecutor and detective knowingly presented false evidence to the grand jury in order to obtain an indictment, the arrest warrant was based on falsified evidence, and the record support

---

[1] The Automated Fingerprint Identification System.

technician lied about Petitioner's fingerprint matching the crime scene print. He asks the Court to order a new trial and to order the prosecutor's office to conduct an investigation into the assistant prosecutor's and fingerprint technician's actions.[2]

**III. ANALYSIS**

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is an extraordinary remedy, and "the Supreme Court has required that 'a party seeking issuance have no other adequate means to attain the relief he desires.'" *United States v. Santtini*, 963 F.2d 585, 594 (3d Cir. 1992) (quoting *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980)).

The Court lacks authority under § 1361 to issue an order compelling an investigation or new trial as the Camden County Prosecutor's Office and its investigators are not officers or employees of the United States or its agencies. *See In re Cook*, 589 F. App'x 44, 45 (3d Cir. 2014) ("To the extent that [petitioners] are challenging the handling of the . . . cases in the state courts . . . and the actions of state officials with

---

[2] The Court takes judicial notice that it previously dismissed a pre-trial habeas petition filed by Petitioner raising substantially these same claims. *Williams v. New Jersey*, No. 16-3195 (D.N.J. Feb. 21, 2017).

respect to those cases, they do not allege an action or omission by . . . federal official[s] within this circuit over which we might exercise our authority by way of mandamus."). "Accordingly, exercise of our mandamus jurisdiction here would be improper." *Id.*

Moreover, Petitioner has not shown that he has no other remedy available to him. Having just been sentenced in June 2017, Petitioner has his direct appeal, state post-conviction relief proceedings, and a federal petition under 28 U.S.C. § 2254 available to him to challenge his conviction, if necessary.

The petition is denied.

## IV. CONCLUSION

For the reasons expressed above, the petition for writ of mandamus is denied.

An accompanying Order will be entered.

**May 16, 2018**             **s/ Jerome B. Simandle**
Date                            JEROME B. SIMANDLE
                                   U.S. District Judge